UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RON MCDONALD AND<br>MICHELLE MCDONALD,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 22-3757 |
| UNITED PROPERTY AND CASUALTY<br>INSURANCE COMPANY,<br>    Defendant | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Reconsider Order Denying Plaintiff's Motion to Substitute Party ("Motion for Reconsideration").[1] For the following reasons, the motion is **DENIED.**

## BACKGROUND

This case arises out of an insurance coverage dispute. Plaintiffs own a property located at 1420 Homestead Avenue in Metairie, Louisiana (the "Property").[2] The property was insured by Defendant United Property and Casualty Insurance Company ("UPC") at the time Hurricane Ida made landfall on August 29, 2021.[3] The property was damaged in Hurricane Ida and Plaintiffs filed suit in state court following Defendant's alleged failure to pay their claims.[4] Defendants removed the case to this Court on October 7, 2022.[5]

On March 10, 2023, UPC notified the Court that it had been declared insolvent and placed into liquidation, and that a Consent Order regarding its liquidation applied an

---

[1] R. Doc. 12.
[2] R. Doc. 1-2 at 3.
[3] *Id.*
[4] *Id.* at 2-5.
[5] R. Doc. 1.

1

automatic stay to all pending litigation against UPC.[6] This Court accordingly granted a stay of this matter on March 13, 2023.[7]

On September 20, 2023, Plaintiffs moved to substitute Louisiana Insurance Guaranty Association ("LIGA") as Defendant in place of UPC.[8] LIGA is obliged to pay covered claims of insolvent insurers in Louisiana, where, as here, the claim existed prior to the determination of the insurer's insolvency.[9] This Court denied the motion for substitution, instead granting Plaintiffs leave to file an amended complaint adding LIGA as a Defendant on September 21, 2023.[10]

Plaintiffs now move for the Court to reconsider its September 21, 2023 Order.[11]

## STANDARD

Though the Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order,[12] the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e).[13] However, a Rule 59(e) motion to alter or amend an order is permitted only in rare circumstances that justify the "extraordinary remedy," typically "to correct manifest errors of law or fact or to present newly discovered evidence."[14]

---

[6] R. Doc. 8 at 1-2.
[7] R. Doc. 9.
[8] R. Doc. 10.
[9] R. Doc. 10 at 1-2 (citing La. R.S. § 22:2058(A)).
[10] R. Doc. 11. Although Plaintiff did not request leave to amend, the Court allowed Plaintiff to file an amended complaint. The Plaintiff did not seek to join LIGA for the purpose of defeating jurisdiction. Based on the equities, the Court allowed amendment. (*see* Hensgen v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)).
[11] R. Doc. 84 at p.2.
[12] Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000).
[13] *See* S. Snow Mfg. Co, Inc. v. Snowizard Holdings, Inc., 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013) (collecting cases).
[14] Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (*quoting* Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir.1989)).

Such motions may not relitigate or "rehash[] evidence, legal theories, or arguments that could have been offered or raised" prior to "entry of judgment."[15] Nor should the motions be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction."[16] Instead, courts in this district "have generally considered four factors" when ruling on a Rule 59(e) motion: "(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based"; "(2) the movant presents newly discovered or previously unavailable evidence"; "(3) the motion is necessary in order to prevent manifest injustice"; "(4) the motion is justified by an intervening change in controlling law."[17]

## **ANALYSIS**

Plaintiff urges the Court to reconsider its Order denying substitution, arguing that substitution, rather than replacement of the Defendant by amended complaint, is the preferred procedural vehicle because it will maintain subject matter jurisdiction and will not violate the stay of proceedings against UPC.[18]

In making their arguments, Plaintiffs fail to clearly identify the basis for their Motion for Reconsideration under Rule 59(e). Plaintiffs' arguments plausibly relate only to the first and/or fourth factors for reconsideration under Rule 59(e), that is, a manifest error in law and/or the prevention of manifest injustice. Plaintiffs' memorandum does not clearly advance an argument in support of either of these factors, however, the Court will briefly address the law at issue.

Plaintiffs argue that substitution of LIGA in place of UPC would allow the Court to

---

[15] *Id.* at 478-79; *S. Snow*, 921 F. Supp. 2d at 565.
[16] *See* Voisin v. Tetra Techs., Inc., No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).
[17] *S. Snow*, 921 F. Supp. 2d at 565.
[18] R. Doc. 12.

3

maintain subject matter jurisdiction.[19] Plaintiffs rely on *Ransom v. Brennan* in support of this proposition.[20] However, Plaintiffs' reliance on *Ransom* is inapt. "Substitution" in *Ransom* refers to the substitution of a deceased defendant with his legal successor, pursuant to Rule 25(a).[21] Rule 25(a) provides that substitution of a party may occur upon the death of the party. Plaintiffs do not contend, nor could they, that UPC has died. Plaintiffs do claim that LIGA is the "statutory successor" of UPC, which, they allege, creates a "transfer of interest from the insolvent insurer to LIGA."[22] Rule 25(c) provides that substitution is proper where an interest is transferred.[23] However, LIGA is not UPC's legal or statutory successor.[24] As a result, none of the circumstances described in Rule 25(a) or (c) exists in this case and substitution is an improper procedural vehicle for adding LIGA as a party. Accordingly, the Court did not commit a manifest error of law in denying substitution.

Plaintiffs correctly note that the joinder of LIGA will destroy complete diversity.[25] However, this fact does not constitute manifest injustice, since even if the action must be remanded pursuant to 28 U.S.C. § 1447, the parties may proceed in state court, where

---

[19] R. Doc. 12 at 2-3.
[20] *Id.* at 2 (citing 437 F.2d 513, 516 (5th Cir. 1971) ("Subject matter jurisdiction, once it validly exists among the original parties, remains intact after *substitution*. A substituted party steps into the same position as the original party.")).
[21] 437 F.2d at 515 (citing FED. R. CIV. P. 25(a)(1)).
[22] R. Doc. 10 at 2.
[23] FED. R. CIV. P. 25(c).
[24] Tyburczy v. Graham, No. 91-1978, 1994 WL 150724, at *3 (E.D. La. Mar. 30, 1994) ("When an insurer such as Alliance becomes insolvent, it ceases to exist, and the liquidator or receive becomes its legal successor, not LIGA."); LA. CODE CIV. P. art. 740 ("[T]he receiver or liquidator of a domestic or foreign corporation . . . is the proper defendant in an action to enforce an obligation of the corporation."); *See also* Stephanie B. Laborde, James E. Moore, Jr., Heather Landry, *The DEF's of LIGA: An Update to the ABC's of Liga*, 77 LA. L. REV. 997, 1001 (2017) ("LIGA is not the legal successor or "statutory successor" of insolvent insurers, despite often being characterized as such by courts. When a court of competent jurisdiction declares an insurer insolvent, the insurer effectively ceases to exist. A new entity arises--the insurer in liquidation or receivership. This new entity, rather than LIGA, is the insolvent insurer's legal successor.")
[25] R. Doc. 12 at 2; *see also* Francis v. S. Fid. Ins. Co., No. 22-763, 2023 WL 2674709, at *1 (E.D. La. Mar. 29, 2023); Soza v. S. Fid. Ins. Co., No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023); 14th St. Properties, LLC v. S. Fid. Ins. Co., No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023).

Plaintiffs originally filed their claim.[26] Accordingly, Plaintiffs has not established a basis for reconsideration on the grounds of manifest injustice.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Reconsideration is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file an amended complaint on or before **Tuesday, October 10, 2023**.

**New Orleans, Louisiana, this 4th day of October, 2023.**

                              _____
                                          **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[26] Plaintiffs should not encounter any issue regarding prescription of their claim against LIGA in state court. LA. R.S. § 22:2058(A)(1)(c)(i) provides that claims must be filed with LIGA within five years of "the date of the order of liquidation of the insolvent insurer or the final date set by the domiciliary court for the filing of claims against the liquidator or receiver of an insolvent insurer."